**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-1619**

_____

SAMUEL BIERS,

          Plaintiff - Appellant,

    v.

TRACEY E. CLINE,

          Defendant - Appellee,

    and

PAUL MARTIN; DURHAM COUNTY SHERIFF'S OFFICE; MICHAEL ANDREWS; WORTH HILL; HARTFORD FINANCIAL SERVICES GROUP, INC.; DURHAM COUNTY; STATE OF NORTH CAROLINA,

          Defendants.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:12-cv-00375-CCE-LPA)

_____

Submitted:  February 1, 2018                    Decided:  February 9, 2018

_____

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Robert Ekstrand, Stefanie Smith, EKSTRAND & EKSTRAND LLP, Durham, North Carolina, for Appellant. Joshua H. Stein, Attorney General, Grady L. Balentine, Jr., Special Deputy Attorney General, Kathryn H. Shields, Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Biers appeals the district court's entry of judgment as a matter of law in favor of Tracey Cline during a jury trial on Biers' First Amendment retaliation claim. Biers claimed that in 2011, Cline, who was then the District Attorney of Durham County, North Carolina, conspired to remove Biers from his position as a magistrate and publically humiliate him in retaliation for Biers' exposure of Cline's misconduct. The district court granted Cline's Fed. R. Civ. P. 50(a) motion for judgment as a matter of law during Cline's presentation of evidence, concluding that no reasonable juror could find that Cline took any retaliatory action against Biers. Biers contends this decision was erroneous. He also argues that the district court abused its discretion by excluding extrinsic evidence of Cline's retaliatory intent, as well as handwritten notes that Biers claims demonstrate the existence of a conspiracy to remove him from his job and publically humiliate him. We affirm.

Biers sought to introduce voluminous extrinsic evidence pursuant to Fed. R. Evid. 404(b) that he claims evinces Cline's "contemporaneous and nearly identical retaliatory conduct" against people who, like Biers, exposed or attempted to expose Cline's misconduct. The district court ruled that the evidence was not admissible under Rule 404(b), and that Biers was not entitled to question Cline about these incidents for purposes of impeachment under Fed. R. Evid. 608(b)(1). We review the district court's evidentiary rulings for abuse of discretion. *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

3

Federal Rule of Evidence 404(b) prohibits the admission of [e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Prior act evidence is admissible, however, to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

We utilize a four-part test to assess admissibility of prior-act evidence: (1) the prior-act evidence must be relevant to an issue other than character, such as intent; (2) it must be necessary to prove an element of the [claim]; (3) it must be reliable; and (4) its probative value must not be substantially outweighed by its prejudicial nature.

*Smith v. Baltimore City Police Dep't*, 840 F.3d 193, 201 (4th Cir. 2016) (citation and internal quotation marks omitted).

The district court determined that the extrinsic evidence was not sufficiently relevant to retaliatory intent, and that its probative value would be substantially outweighed by the risk of unfair prejudice and confusion. The court did not abuse its discretion by so finding. First, Biers' theory of the case was that Cline was part of a clandestine conspiracy to engineer the filing of false affidavits seeking Biers' removal as magistrate, and to leak this false information to the media. The extrinsic pleadings and filings Biers sought to introduce, by contrast, were publically submitted by Cline on the record, under her own name. Moreover, there was very little evidence at trial that Cline took any action with respect to Biers. As such, to the extent the extrinsic evidence is probative of retaliation, it is probative not as to whether Cline took certain actions with the intent to retaliate, which is permitted under Rule 404(b)(2), but rather as to whether Cline has a propensity to retaliate, which is proscribed under Rule 404(b)(1).

4

The district court also did not abuse its discretion in concluding that the risk of unfair prejudice and confusion substantially outweighed any probative value, especially given that any permissible probative value was small. The exhibits Biers sought to introduce totaled more than 600 pages, and the district court was properly concerned about the risk of confusing the jury about the relevant issues in the case, as well as the trial being subsumed by a mini-trial over the nature and propriety of Cline's past acts. For the same reason, the court did not abuse its discretion by ruling that Biers was not entitled to cross examine Cline about the contents of the exhibits for impeachment purposes. *See* Fed. R. Evid. 608(b)(1) ("the [district] court *may*, on cross examination, allow [specific instances of a witness's conduct to] to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness.") (emphasis added).

Biers also sought to introduce handwritten notes of the chief district judge, which Biers alleged were evidence of the conspiracy to use "straw men" to file false affidavits to remove him from office. Although the judge who wrote the notes testified during Cline's case, Biers did not question the judge about the notes, instead seeking to introduce them through the testimony of the judge's judicial assistant. The assistant testified that she was familiar with the judge's handwriting, and that the notes appeared to be written by the judge. *See* Fed. R. Evid. 901(b)(2). However, the assistant had never seen the notes before and had no knowledge as to the circumstances of their creation. Moreover, it is not clear from the face of the notes what they are, and the assistant would not have been able to aid the jury in considering and assigning probative value to the

5

notes. Accordingly, the district court did not abuse its discretion by refusing to admit them through the assistant's testimony.

Biers' final argument on appeal is that the district court erroneously granted Cline's motion for judgment as a matter of law instead of letting the case go to the jury. Under Fed. R. Civ. P. 50(a), "[i]f, upon the conclusion of a party's case, a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, a court may grant a motion from the opposing party for judgment as a matter of law." *Huskey v. Ethicon, Inc.*, 848 F.3d 151, 156 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 107 (2017). "A court may grant judgment as a matter of law only if, viewing the evidence in a light most favorable to the non-moving party and drawing every legitimate inference in that party's favor, the only conclusion a reasonable jury could have reached is one in favor of the moving party." *Id.* (alteration and internal quotation marks omitted). We review the district court's grant of a motion for judgment as a matter of law de novo. *Id.*

The only claim that went to trial was that Cline retaliated against Biers in violation of the First Amendment.

> [A] First Amendment retaliation claim under § 1983 consists of three elements: (1) the plaintiff engaged in constitutionally protected First Amendment activity, (2) the defendant took an action that adversely affected that protected activity, and (3) there was a causal relationship between the plaintiff's protected activity and the defendant's conduct.

*Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 537 (4th Cir. 2017), *cert. denied*, __ S. Ct. ___, No. 17-307, 2018 WL 410913 (U.S. Jan. 16, 2018). The district court assumed that Biers had engaged in protected First Amendment activity, but found that the evidence

6

was insufficient to support any reasonable inferences that Cline took any action against Biers. After reviewing the evidence at trial in the light most favorable to Biers, we agree. Cline did not file either of the affidavits that led to the removal proceedings, and while Biers alleged that Cline was part of a conspiracy that orchestrated the filing of the affidavits, those allegations were not supported by any testimony at trial. There was also no testimony from which the jury could reasonably infer that Cline leaked false information about Biers to the media. The judge presiding over the removal proceedings—whom Biers did not allege was part of the conspiracy—assigned Cline's office to prosecute the removal proceedings. Although Biers contends that Cline allowed the removal proceedings to go forward even though she knew the affidavits were false, the testimony at trial established that she assigned the case to one of her assistants, and thereafter did not control or participate in the matter. Moreover, there was no evidence that she influenced the resolution of the removal proceedings. Finally, Cline's statement to Biers after the hearing may have been relevant as to whether Cline retaliated against Biers, but given the lack of other evidence, the statement does not give rise to a reasonable inference that she did retaliate. Because the district court properly determined that no reasonable juror could find for Biers based on the evidence at trial, its grant of Cline's motion for judgment as a matter of law was not erroneous.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

7